LUCEE KIRKA (Cal. Bar No. 121685)
Email: kirkal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EQUAL EARTH, INC., ANDREW J. DUGGAN and GHASSAN HAMADE (a/k/a MARK HAMADE),<br><br>Defendants. | Case No.<br><br>**CONSENT OF DEFENDANT EQUAL EARTH, INC.** |

1. Defendant Equal Earth, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

       (a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; Section 17(a) of the Exchange Act [15 U.S.C. §77q(a)]; and Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e];

       (b)    orders Defendant to pay disgorgement in the amount of $5,556,017.91, plus prejudgment interest thereon in the amount of $1,256,311.81; and

       (c)    orders Defendant to pay a civil penalty in the amount of $855,000 under Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce

1  Defendant to enter into this Consent.
2     7.   Defendant agrees that this Consent shall be incorporated into the Final
3  Judgment with the same force and effect as if fully set forth therein.
4     8.   Defendant will not oppose the enforcement of the Final Judgment on the
5  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of
6  Civil Procedure, and hereby waives any objection based thereon.
7     9.   Defendant waives service of the Final Judgment and agrees that entry of
8  the Final Judgment by the Court and filing with the Clerk of the Court will constitute
9  notice to Defendant of its terms and conditions. Defendant further agrees to provide
10 counsel for the SEC, within thirty days after the Final Judgment is filed with the
11 Clerk of the Court, with an affidavit or declaration stating that Defendant has
12 received and read a copy of the Final Judgment.
13    10.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims
14 asserted against Defendant in this civil proceeding. Defendant acknowledges that no
15 promise or representation has been made by the SEC or any member, officer,
16 employee, agent, or representative of the SEC with regard to any criminal liability
17 that may have arisen or may arise from the facts underlying this action or immunity
18 from any such criminal liability. Defendant waives any claim of Double Jeopardy
19 based upon the settlement of this proceeding, including the imposition of any remedy
20 or civil penalty herein. Defendant further acknowledges that the Court's entry of a
21 permanent injunction may have collateral consequences under federal or state law
22 and the rules and regulations of self-regulatory organizations, licensing boards, and
23 other regulatory organizations. Such collateral consequences include, but are not
24 limited to, a statutory disqualification with respect to membership or participation in,
25 or association with a member of, a self-regulatory organization. This statutory
26 disqualification has consequences that are separate from any sanction imposed in an
27 administrative proceeding. In addition, in any disciplinary proceeding before the
28 SEC based on the entry of the injunction in this action, Defendant understands that it

shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the SEC may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

4

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

1. 12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

2. 13. Defendant agrees that the SEC may present the Final Judgment to the Court for signature and entry without further notice.

3. 14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 5/16/19, 2019    Equal Earth, Inc.
By: /s/ Andrew Duggan
Andrew J. Duggan
Chief Executive Officer

On May 16, 2019 Andrew J. Duggan, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Equal Earth as its CEO.

Joseph T. Janzen
Notary Public
Commission expires: March 14, 2021

(also see next page for CA wording)

JOSEPH T. JANZEN
Notary Public - California
San Diego County
Commission # 2184105
My Comm. Expires Mar 14, 2021

Approved as to form:
/s/ Howard Schiffman (SM)
Howard Schiffman, Esq.

5

Schulte, Roth & Zabel
901 15th Street, NW, Suite 800
Washington, D.C. 20005
(202) 729-7470
Attorney for Defendant

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                County of San Diego  SS.

On _May 16, 2019_ before me, _Joseph T. Janzen, Notary Public_
a notary public, personally appeared _Andrew J. Duggan_
_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public                Notary Seal

JOSEPH T. JANZEN
Notary Public – California
San Diego County
Commission # 2184105
My Comm. Expires Mar 14, 2021